## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| NODEN PHARMA DAC<br><br>Plaintiff,<br><br>v.<br><br>ANCHEN PHARMACEUTICALS, INC.<br>and PAR PHARMACEUTICAL, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. _____

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Noden Pharma DAC ("Noden" or "Plaintiff"), by and through its attorneys, hereby alleges as follows:

### NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, against defendants Par Pharmaceutical, Inc. ("Par") and Anchen Pharmaceuticals, Inc. ("Anchen") (collectively, "Defendants").  This action relates to Abbreviated New Drug Application ("ANDA") No. 206665 filed by Anchen with the U.S. Food and Drug Administration ("FDA") for approval to market 150 mg and 300 mg aliskiren hemifumarate tablets ("generic aliskiren products"), generic versions of Noden's TEKTURNA® drug product, prior to expiration of U.S. Patent No. 8,617,595 ("the '595 patent").

### PARTIES

2.      Plaintiff Noden is a global specialty pharmaceutical company organized under the laws of Ireland and having corporate headquarters in Dublin, Ireland.  Noden is the holder of

- 1 -

ME1 25021866v.1

New Drug Application ("NDA") No. 21985 for TEKTURNA® (aliskiren hemifumarate) and owner of the '595 patent. Defendants specifically directed their Notice Letter to Noden.

3. Upon information and belief, Par is a corporation organized under the laws of the State of Delaware, having a principal place of business at 1 Ram Ridge Rd., Spring Valley, NY 10977. Upon information and belief, Par manufactures and/or distributes numerous generic drugs for sale and use throughout the United States, including in this judicial district, and including through its subsidiary and agent Anchen. Upon information and belief, Par participated in the preparation and submission of ANDA No. 206665, and/or Anchen prepared and submitted such ANDA at Par's request.

4. Upon information and belief, Anchen is a corporation organized under the laws of the State of Delaware, having a principal place of business at 9601 Jeronimo Road, Irvine, California 92618. Upon information and belief, Anchen is a wholly owned subsidiary of Par engaged in the manufacture and/or distribution of numerous generic drugs for sale and use throughout the United States, including in this judicial district, and including as a wholly owned subsidiary and agent of Par.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

7. This Court has jurisdiction over Par because it is incorporated in Delaware.

8. This Court also has jurisdiction over Par because, *inter alia*, this action arises from activities of Par directed toward Delaware and Par has purposefully availed itself of the

- 2 -

rights and benefits of Delaware law by engaging in systematic and continuous contacts with Delaware. Upon information and belief, Par regularly and continuously transacts business within the State of Delaware, including by selling pharmaceutical products in Delaware, either on its own or through affiliates. Upon information and belief, Par derives substantial revenue from the sale of those products in Delaware and has availed itself of the privilege of conducting business within the State of Delaware.

9.      Par has previously been sued in this judicial district without objecting on the basis of lack of personal jurisdiction and has availed itself of Delaware courts through the assertion of counterclaims and by filing suit in the District of Delaware.

10.      This Court has jurisdiction over Anchen because it is incorporated in Delaware.

11.      This Court also has jurisdiction over Anchen by virtue of its presence in Delaware, including through its parent, Par, a Delaware corporation. This Court also has jurisdiction over Anchen because, *inter alia*, this action arises from activities of Anchen directed toward Delaware and Anchen has purposefully availed itself of the rights and benefits of Delaware law by engaging in systematic and continuous contacts with Delaware. Upon information and belief, Anchen regularly and continuously transacts business within the State of Delaware, including by selling pharmaceutical products in Delaware, either on its own or through affiliates. Upon information and belief, Anchen derives substantial revenue from the sale of those products in Delaware and has availed itself of the privilege of conducting business within the State of Delaware.

12.      Anchen has previously been sued in this judicial district without objecting on the basis of lack of personal jurisdiction and has availed itself of Delaware courts through the assertion of counterclaims in the District of Delaware.

- 3 -

ME1 25021866v.1

13.     For these reasons, and for other reasons that will be presented to the Court if jurisdiction is challenged, the Court has personal jurisdiction over Par and Anchen.

## PATENT-IN-SUIT

14.     On December 31, 2013, the U.S. Patent and Trademark Office duly and legally issued the '595 patent, entitled "Galenic Formulations of Organic Compounds."  A true and correct copy of the '595 patent is attached hereto as Exhibit A.  The claims of the '595 patent are valid and enforceable.  Noden is the owner of the '595 patent by assignment and has the right to enforce it.

15.     Noden is the holder of NDA No. 21985, by which the FDA granted approval for the marketing and sale of 150 mg and 300 mg aliskiren hemifumarate tablets for the treatment of hypertension, to lower blood pressure.  Noden has the right to market and sell aliskiren hemifumarate tablets in the United States under the trade name TEKTURNA®.  The FDA's official publication of approved drugs (the "Orange Book") includes TEKTURNA® together with the '595 patent.

## INFRINGEMENT BY ANCHEN AND PAR

16.     By letter dated April 28, 2017 ("the Notice Letter"), Anchen notified Noden that Anchen had submitted ANDA No. 206665 to the FDA under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)).

17.     The Notice Letter states that Anchen seeks approval from the FDA to engage in the commercial manufacture, use, and sale of generic aliskiren hemifumarate tablets before the expiration of the '595 patent.  Upon information and belief, Par and Anchen intend to engage in the commercial manufacture, use, and sale of generic aliskiren hemifumarate tablets after receiving FDA approval to do so.

- 4 -

18.     By filing ANDA No. 206665, Anchen has necessarily represented to the FDA that its generic aliskiren hemifumarate tablets have the same active ingredient as TEKTURNA®, have the same method of administration, dosage form, and strengths as TEKTURNA®, and are bioequivalent to TEKTURNA®.

19.     In the Notice Letter, Anchen states that its ANDA contains a "Paragraph IV certification" asserting that the '595 patent is invalid, unenforceable and/or will not be infringed by the manufacture, use, and sale of Anchen's generic aliskiren hemifumarate tablets.

20.     Accompanying the Notice Letter, Par provided an Offer of Confidential Access pursuant to 21 U.S.C. § 355(j)(5)(C)(i)(III), signed by the "Senior Director, Intellectual Property, Par Pharmaceutical."

21.     This Complaint is being filed before the expiration of the forty-five days from the date Noden received the Notice Letter, triggering a 30-month stay on FDA approval of Anchen's ANDA.  21 U.S.C. § 355(j)(5)(B)(iii).

## COUNT I (INFRINGEMENT OF THE '595 PATENT)

22.     Each of the preceding paragraphs 1 to 21 is incorporated as if fully set forth herein.

23.     Anchen's submission of ANDA No. 206665 to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale of generic aliskiren hemifumarate tablets prior to the expiration of the '595 patent constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).  Upon information and belief, the product described in ANDA No. 206665 would infringe one or more of the claims of the '595 patent, including at least claims 1, 19, and 20.

ME1 25021866v.1

24.     Upon information and belief, upon FDA approval of Defendants' ANDA No. 206665, Defendants will further infringe at least one claim of the '595 patent by making, using, offering to sell, and selling its generic aliskiren hemifumarate tablets in the United States and/or importing such tablets into the United States, and by actively inducing and contributing to infringement by others, in violation of 35 U.S.C. §§ 271(a)-(c) and (g) unless enjoined by the Court.

25.     If Defendants' marketing and sale of generic aliskiren hemifumarate tablets prior to expiration of the '595 patent and all other relevant exclusivities is not enjoined, Plaintiff will suffer substantial and irreparable harm for which there is no remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant the following relief:

1.     A judgment that the claims of the '595 patent are not invalid, not unenforceable, and are infringed by Defendants' submission of ANDA No. 206665, and that Defendants' making, using, offering to sell, or selling in the United States, or importing into the United States Defendants' generic aliskiren hemifumarate tablets will infringe the '595 patent.

2.     An order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any approval of ANDA No. 206665 shall be a date which is not earlier than the latest expiration date of the '595 patent, including any extensions and/or additional periods of exclusivity to which Plaintiff is or becomes entitled.

3.     An order permanently enjoining Defendants, their affiliates, subsidiaries, and each of their officers, agents, servants and employees and those acting in privity or concert with them, from making, using, offering to sell, or selling in the United States, or importing into the United States Defendants' generic aliskiren hemifumarate tablets until after the latest

- 6 -

expiration date of the '595 patent, including any extensions and/or additional periods of exclusivity to which Plaintiff is or becomes entitled.

4.      Damages or other monetary relief to Plaintiff if Defendants engage in commercial manufacture, use, offers to sell, sale, or importation in or into the United States of Defendants' generic aliskiren hemifumarate tablets prior to the latest expiration date of the '595 patent, including any extensions and/or additional periods of exclusivity to which Plaintiff us or becomes entitled.

5.      Such further and other relief as this Court deems proper and just, including any appropriate relief under 35 U.S.C. § 285.

DATED: June 12, 2017                    MCCARTER & ENGLISH, LLP

                                        /s/ Daniel M. Silver
                                        Daniel M. Silver (#4758)
                                        Benjamin A. Smyth (#5528)
                                        Renaissance Centre
                                        405 N. King Street, 8th Floor
                                        Wilmington, Delaware 19801
                                        (302) 984-6300
                                        dsilver@mccarter.com
                                        bsmyth@mccarter.com

                                        *Attorneys for Plaintiff  Noden Pharma DAC*

- 7 -

ME1 25021866v.1

OF COUNSEL:

Robert F. Shaffer
Maximilienne Giannelli
Cora R. Holt
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, D.C. 20001
(202) 408-4000
robert.shaffer@finnegan.com
maximilienne.giannelli@finnegan.com
cora.holt@finnegan.com

ME1 25021866v.1